## CURTIS C. ROBINSON
### v.
## W. T. ALLEN ET AL.

DISMISSAL OF APPEAL.—A court to which an appeal is taken from a justice of the peace, has no jurisdiction to dismiss the appeal without the consent of the appellant where no transcript has been filed.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed November 29, 1882.

Messrs. ALLEN & GARY, for appellant; that the county court had no jurisdiction to dismiss the appeal, cited Reed v. Driscoll, 84 Ill. 98; Sheridan v. Beardsley, 89 Ill. 477.

The appearance of appellees had not been entered ten days before the commencement of the term, and it was error to set the cause down for trial: Rev. Stat. Chap. 79, §§ 65, 67, 68; Sheridan v. Beardsley, 89 Ill. 477; Camp v. Hogan, 73 Ill. 228; Hayward v. Ramsey, 74 Ill. 372; Pratt v. Bryant, 2 Bradwell, 314.

Mr. T. C. WHITESIDE, for appellee.

BAILEY, P. J.   This suit was commenced by W. T. Allen and others against Curtis E. Robinson, before a justice of the peace, where judgment was rendered in favor of the plaintiff for $200.   The defendant thereupon took an appeal to the County Court of Cook county, by filing his appeal bond with the clerk of that court.   No transcript from the justice was ever filed in the county court, but that court, on motion of the plaintiffs, and without the consent of the defendant, dismissed the defendant's appeal for want of prosecution, with a writ of *procedendo* to the justice, and gave judgment against the defendant for costs, and for $20 damages for delay.

It has been settled by repeated decisions, both of this court and of the Supreme Court, that the court to which an appeal is taken from a justice of the peace, has no jurisdiction to dismiss an appeal without the consent of the appellant, where no transcript from the justice has been filed.   See Schmidt v. Skelly, 10 Bradwell, 564, and the cases there cited.   No transcript having been filed in this case, the appeal was improperly dismissed, and the judgment must therefore be reversed and the cause remanded.

Judgment reversed.